# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * *
CHRIS MCMULLEN,

                Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                Respondent.
* * * * * * * * * * * * * * * * * * * * * * * *

No. 20-482v
Special Master Christian J. Moran

Filed: July 11, 2023

Maximilian Mueller, Muller Brazil, Dresher, PA, for petitioner;
Mallori B. Openchowski, United States Dep't of Justice, Washington, DC, for respondent.

## DECISION DENYING COMPENSATION[1]

      Chris McMullen alleges that a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine injured his left shoulder. Pet., filed Apr. 21, 2020. The chief special master found that Mr. McMullen had not persuasively established he suffered a shoulder injury related to vaccine administration ("SIRVA") and then reassigned the case. After reassignment, Mr. McMullen submitted medical articles and sought a ruling that he was entitled to compensation. Mr. McMullen remains not entitled to compensation as the evidence shows that his shoulder injury started too long after the vaccination.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted in the website.

I.      **Procedural History**

Mr. McMullen filed his petition on April 21, 2020, and medical records by July 30, 2020, and the case was assigned to the chief special master. After reviewing this material, the Secretary recommended that compensation be denied because Mr. McMullen had not established that his shoulder pain began within 48 hours of the vaccination as required by the implementing regulations. Resp't's Rep., filed Dec. 21, 2021, at 5.

The parties submitted the question of onset to the chief special master. The chief special master found that Mr. McMullen's shoulder pain started in late November 2018. Findings of Fact and Conclusions of Law Dismissing Table Claim, 2023 WL 3409215 (posted May 12, 2023) (originally filed July 8, 2022). Because Mr. McMullen received the Tdap vaccine on November 7, 2018, he did not qualify for SIRVA. See 42 C.F.R. § 100.3(c)(10) (requiring that shoulder pain start within 48 hours). Thus, the chief special master dismissed Mr. McMullen's claim that he suffered an on-Table injury. Findings of Fact at *5-6. However, the chief special master noted that Mr. McMullen might succeed on a causation-in-fact claim with the assistance of an expert. The case was then transferred to the undersigned.

To guide the parties' experts, the undersigned issued a set of instructions. Order, issued July 18, 2022. In an August 11, 2022 status conference, Mr. McMullen expressed dissatisfaction with the Findings of Fact. Mr. McMullen expressed an intention to file a motion for a ruling on the record. Order, issued Aug. 11, 2022.

Mr. McMullen submitted two types of material on October 13, 2022. One set of material was a collection of medical articles addressing how a vaccination can cause a shoulder injury. Exhibits 7-16. The other submission was a motion for a ruling on the record. Mr. McMullen argued that he fulfilled the first prong of Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274 (Fed. Cir. 2005) because the Vaccine Table associates Tdap vaccines with a shoulder injury and because he submitted articles. Pet'r's Mot. at 9. Mr. McMullen next argued that he met the second prong of Althen due to the "absence of any shoulder injury prior to the vaccination, onset of post-vaccination symptoms and Petitioner's physical examinations and diagnoses." Id. at 10. Finally, for the third Althen prong, Mr. McMullen maintained that his shoulder pain started immediately following the Tdap vaccine. Id. at 12. In doing so, Mr. McMullen indicated that he "is contemplating filing a Motion for Review" of the chief special master's fact ruling. Id. at 12 n.2.

The Secretary opposed Mr. McMullen's motion. Resp't's Resp., filed Nov. 14, 2022. The Secretary argued that Mr. McMullen cannot qualify for an on-Table SIRVA due to the finding of the chief special master. Id. at 6-7. The Secretary also contended that Mr. McMullen did not establish that he satisfied the elements of a causation-in-fact claim. Id. at 7-10.

Mr. McMullen declined to file a reply. Pet'r's Status Rep., filed Jan. 3, 2023. The case is ready for adjudication.

## II.     Relevant Facts

The chief special master's Findings of Fact summarize the evidence, including Mr. McMullen's medical records and other evidence reflecting the onset of his shoulder pain. For purposes of the present decision two facts are dispositive. First, Mr. McMullen received the Tdap vaccine on November 7, 2018. Second, Mr. McMullen began experiencing shoulder pain "in late November 2018." Findings of Fact at *6.

## III.    Standards for Adjudication

The Vaccine Act authorizes two means of recovery. The simpler way is for petitioners to demonstrate that they received a vaccine and suffered an injury within the time listed on the Vaccine Injury Table. 42 U.S.C. § 300aa–11(c)(1)(C)(i). Alternatively, petitioners may establish that a covered vaccine was the cause-in-fact of an injury. 42 U.S.C. § 300aa–11(c)(1)(C)(ii). For causation-in-fact claims (also known as off-Table cases), the Federal Circuit has defined petitioners' burden. Petitioners bear a burden "to show by preponderant evidence that the vaccination brought about [the vaccinee's] injury by providing: (1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen, 418 F.3d at 1278.

A petitioner is required to establish his case by a preponderance of the evidence. 42 U.S.C. § 300aa–13(1)(a). The preponderance of the evidence standard requires a "trier of fact to believe that the existence of a fact is more probable than its nonexistence before [he] may find in favor of the party who has the burden to persuade the judge of the fact's existence." Moberly v. Sec'y of Health & Human Servs., 592 F.3d 1315, 1322 n.2 (Fed. Cir. 2010) (citations omitted). Proof of medical certainty is not required. Bunting v. Sec'y of Health & Human Servs., 931 F.2d 867, 873 (Fed. Cir. 1991).

Petitioners may not receive compensation "based upon the claims of a petitioner alone, unsubstantiated by medical records or by medical opinions." 42 U.S.C. § 300aa–13(a)(1).

## IV.     Analysis

The pending motion raises at least two issues. First, what is the permanence of the chief special master's finding that Mr. McMullen's shoulder pain started in late November? Second, how does that finding affect the remainder of the case?

### A.     What is the Value of An Earlier Finding by a Special Master?

On the topic of whether the chief special master's finding of onset is binding on the undersigned, the parties' briefs could have been better. Mr. McMullen directly argues that the "finding that onset likely began gradually in late November of 2018 is not supported by the evidence." Pet'r's Mot. at 12. However, Mr. McMullen does not cite any cases regarding the effect of the earlier finding. See id. On the other hand, the Secretary maintains that "under the

3

law of the case doctrine, the Chief Special Master's findings control." Resp't's Resp. at 7, citing Gould, Inc. v. United States, 67 F.3d 925, 927-28 (Fed. Cir. 1995) and Suel v. Sec'y of Health & Hum. Servs., 192 F.3d 981 (Fed. Cir. 1999).

The Secretary appears to overlook the role appellate courts play in the law of the case doctrine.

> The law of the case is a judicially created doctrine, the purposes of which are to prevent the relitigation of issues that have been decided and to ensure that trial courts follow the decisions of appellate courts. The doctrine requires a court to follow the decision on a question made previously during the case.... When a judgment of a trial court has been appealed, the decision of the appellate court determines the law of the case, and the trial court cannot depart from it on remand.

Exxon Corp. v. United States, 931 F.2d 874, 877 (Fed. Cir. 1991), quoting Jamesbury Corp. v. Litton Indus. Prod., Inc., 839 F.2d 1544, 1550 (Fed. Cir. 1988). Consequently, the law of the case doctrine "has long been held not to require the trial court to adhere to its own previous rulings if they have not been adopted, explicitly or implicitly, by the appellate court's judgment." Exxon Corp., 931 F.3d at 877.

Exxon Corp. presents an example in which one judicial officer could reconsider a finding made by another judicial officer. Initially, Judge Alex Kozinski found that a company (Essosa) became insolvent on a particular date, although the date of insolvency was not necessary to resolve the case. 931 F.3d at 876. The case was appealed, and the Federal Circuit reversed the outcome without addressing the date of insolvency. Id. Eventually, the successor to Judge Kozinski, Judge Loren Smith, found a different date of insolvency. Id.

On this appeal, the Federal Circuit ruled that because its earlier rulings did not consider the date of insolvency, Judge Smith "remained free to amend its earlier finding of fact relating to the date of [the] insolvency." Id. at 878. The Federal Circuit also addressed the relationship between Judge Kozinski (the original judge) and Judge Smith (the successor judge): "A successor judge steps into the shoes of his or her predecessor, and is thus bound by the same rulings and given the same freedom, as the first judge. To the extent that a trial judge can alter a previous ruling, so too can a successor judge." Id. "At least to the extent it was not dependent upon weighing conflicting testimony and evaluation of witness credibility, Chief Judge Smith had authority to amend his predecessor's finding as to the date of insolvency as he deemed appropriate." Id.

The two cases the Secretary cites discuss the law of the case doctrine in the context of appellate remands. In Gould, the Federal Circuit held that an intervening Supreme Court opinion did not allow the Court of Federal Claims to depart from the Federal Circuit's earlier ruling that the Court of Federal Claims possessed jurisdiction. 67 F.3d at 931. In Suel, the Federal Circuit

4

ruled that a special master could not reopen entitlement after a judge from the Court of Federal Claims found that the petitioners were entitled to compensation. 192 F.3d at 984.

The present case contrasts with Exxon Corp., Gould, and Suel in that an appellate tribunal has not considered any aspect of the chief special master's finding. Without this appellate review, the chief special master's finding is subject to reconsideration just as any other finding is subject to reconsideration. Thus, if the Secretary, in arguing that the chief special master's findings "control", were contending that the finding is binding, then the Secretary's argument is not in accord with precedent. A special master to whom a case has been reassigned without any appellate review possesses the ability to reconsider an earlier factual ruling.

While, as a matter of law, special masters possess authority to reconsider previous rulings, this exercise of discretion is appropriately limited to narrow circumstances. See Vaccine Rule 10(e); Leming v. Sec'y of Health & Hum. Servs., 161 Fed. Cl. 744, 757 (2022) (indicating that a special master may decline to entertain a motion for reconsideration when the evidence is not new), appeal filed, No. 23-1032 (Fed. Cir. Oct. 12, 2022). These circumstances are even more limited in a case, which is *not* Mr. McMullen's case, in which the findings were made after a hearing in which a special master observed a witness's demeanor.

Although Mr. McMullen has not stylized his October 13, 2022 motion as requesting reconsideration of the chief special master's finding, the motion does argue in favor of finding an immediate onset of Mr. McMullen's shoulder pain. However, this argument resembles the argument Mr. McMullen presented to the chief special master and the evidence is same. Thus, Mr. McMullen has not demonstrated that the "interest of justice" requires a different outcome. In short, the chief special master's finding of an onset in late November is reasonable and supported by substantial evidence.

   **B.**  **How the Chief Special Master's Finding Affects Mr. McMullen's Off-Table Claim**

Mr. McMullen has argued that he has met his burden regarding a causation-in-fact claim. Pet'r's Mot. at 9-13. His argument regarding the appropriate temporal interval is based upon an (erroneous) argument that his shoulder pain started within 48 hours of the vaccination. Id. at 12-13. Mr. McMullen has not presented any argument that the appropriate time of onset for a shoulder injury following a vaccination might extend more than two weeks. Accordingly, Mr. McMullen has failed to establish the third prong of Althen.

This finding means that Mr. McMullen is not entitled to compensation. Thus, an examination of the other Althen prongs is not necessary.[2]

---

[2] For the first Althen prong, Mr. McMullen argued that the Secretary's recognition that the administration of some vaccines can cause shoulder injuries and various articles from medical journals support a finding that he presented a theory. Pet'r's Mot. at 9. However, the Secretary did not answer this argument. See Resp't's Resp. at 8-9.

## V.     Conclusion

Mr. McMullen has not established that he is entitled to compensation via either an on-Table or off-Table claim. Therefore, the Clerk's Office is instructed to issue a judgment in accord with the decision unless a motion for review is filed. Information about a motion for review, including the deadline, is found in the Vaccine Rules, which are available on the website for the Court of Federal Claims.

**IT IS SO ORDERED.**

<u>S/Christian J. Moran</u>
Christian J. Moran
Special Master